# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 21-0632V

| | |
|---|---|
| BOBBI MOON,<br><br>      Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>      Respondent. | Chief Special Master Corcoran<br><br>Filed: February 4, 2025 |

*Leigh A. Finfer, Muller Brazil, LLP, Dresher, PA,* for Petitioner.

*Sarah Black Rifkin, U.S. Department of Justice, Washington, DC,* for Respondent.

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

On January 12, 2021, Bobbi Moon ("Petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10, *et seq.*[2] (the "Vaccine Program"). Petitioner alleged that after her receipt of an influenza ("flu") vaccine on October 21, 2019, she suffered a shoulder injury related to vaccine administration ("SIRVA"), a defined Table injury, lasting over six months. Petition (ECF No. 1).

I previously concluded that there was an absence of preponderant evidence that Petitioner's alleged injury had persisted for at least six months post-vaccination, and

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

therefore the claim was properly dismissed. Dismissal Decision (ECF No. 35), available at *Moon v. Sec'y of Health & Hum. Servs.*, No. 21-632V, 2024 WL 981367 (Fed. Cl. Spec. Mstr. Feb. 1, 2024). That decision – including the summary of the previous procedural history, and the underlying evidence – is fully incorporated and relied upon herein.

Petitioner has now moved for an award of attorneys' fees and costs. However, for the reasons set forth below, I find that Petitioner has failed to establish there was a reasonable basis for the claim. Thus, she is not entitled to an award of attorney's fees and costs, and the fees motion is denied.

## I. Post-Dismissal Procedural History

As noted above, the claim was dismissed on February 1, 2024. ECF No. 35. Judgment entered on March 6, 2024. ECF No. 36. On July 1, 2024, Petitioner filed a motion requesting $12,442.58 (representing $11,736.20 in attorneys' fees, and $706.38 for attorneys' costs). ECF No. 38 at 2. However, the application does not address the statutory requirements of good faith and reasonable basis – prerequisites for any attorney's fees and costs award in unsuccessful cases. *See* Section 15(e)(1).

On July 10, 2024, Respondent filed a response, in which he defers to my determination of whether the statutory requirements for an award of attorneys' fees and costs are met in this uncompensated case. ECF No. 39. Petitioner has not filed a reply. The matter is ripe for adjudication.

## II. Applicable Legal Standards

Motivated by a desire to ensure that petitioners have adequate assistance from counsel when pursuing their claims, Congress determined that attorney's fees and costs may be awarded even in unsuccessful claims. H.R. REP. NO. 99-908, at 22 *reprinted in* 1986 U.S.C.C.A.N. 6344, 6363; *see also Sebelius v. Cloer*, 133 S.Ct. 1886, 1895 (2013) (discussing this goal when determining that attorneys' fees and costs may be awarded even when the petition was untimely filed). This is consistent with the fact that "the Vaccine Program employs a liberal fee-shifting scheme." *Davis v. Sec'y of Health & Hum. Servs.*, 105 Fed. Cl. 627, 634 (2012). Indeed, it may be the only federal fee-shifting statute that permits *unsuccessful* litigants to recover fees and costs.

However, Congress did not intend that *every* losing petition be automatically entitled to attorney's fees. *Perreira v. Sec'y of Health & Hum. Servs.*, 33 F.3d 1375, 1377 (Fed. Cir. 1994). And there is also a prerequisite to even obtaining fees in an unsuccessful case. The special master or court may award attorney's fees and costs to an unsuccessful

claimant only if "the petition was brought in good faith and there was a reasonable basis for the claim for which the petition was brought." Section 15(e)(1). Reasonable basis is a prerequisite to a fee award for unsuccessful cases – but establishing it does not automatically *require* an award, as special masters are still empowered by the Act to deny or limit fees. *James-Cornelius on behalf of E. J. v. Sec'y of Health & Hum. Servs.*, 984 F.3d 1374, 1379 (Fed. Cir. 2021) ("even when these two requirements are satisfied, a special master retains discretion to grant or deny attorneys' fees").

As the Federal Circuit has explained, whether a discretionary fees award is appropriate involves two distinct inquiries, but only reasonable basis is at issue herein.[3] Reasonable basis is deemed "an objective test, satisfied through objective evidence." *Cottingham v. Sec'y of Health & Hum. Servs.*, 971 F.3d 1337, 1344 (Fed. Cir. 2020) ("Cottingham I"). "The reasonable basis requirement examines "not at the likelihood of success [of a claim] but more to the feasibility of the claim." *Turner*, 2007 WL 4410030, at *6 (quoting *Di Roma v. Sec'y of Health & Hum. Servs.,* No. 90-3277V, 1993 WL 496981, at *1 (Fed. Cl. Spec. Mstr. Nov. 18, 1993)). The Federal Circuit recently explained "that a reasonable basis analysis is limited to objective evidence, and that subjective considerations, such as counsel's subjective views on the adequacy of a complaint, do not factor into a reasonable basis determination." *James-Cornelius*, 984 F.3d at 1379.

Although clearly easier to meet than the preponderant standard required for compensation, "courts have struggled with the nature and quantum of evidence necessary to establish a reasonable basis." *Wirtshafter v. Sec'y of Health & Hum. Servs.,* 155 Fed. Cl. 665, 671 (Fed. Cl. 2021). "[I]t is generally accepted that 'a petitioner must furnish some evidence in support of the claim.'" *Id.* Citing the *prima facie* elements of a successful claim described in Section 11(c)(1), the Federal Circuit recently instructed that the level of the objective evidence sufficient for a special master to find reasonable basis should be "more than a mere scintilla but less than a preponderance of proof." *Cottingham I*, 971 F.3d at 1345-46. "This formulation does not appear to define reasonable basis so much as set its outer bounds." *Cottingham v. Sec'y of Health & Hum. Servs.,* 159 Fed. Cl. 328, 333, (Fed. Cl. 2022) (*"Cottingham II")*, *aff'd without op.*, 2023 WL 754047 (Fed. Cir. Nov. 14, 2023). "[T]he Federal Circuit's statement that a special master 'could' find reasonable basis based upon more than a mere scintilla does not mandate such a finding." *Cottingham II*, 159 Fed. Cl. at 333 (citing *Cottingham I*, 971 F.3d at 1346).

---

[3] Claimants must also establish that the petition was brought in good faith. *Simmons v. Sec'y of Health & Hum. Servs.*, 875 F.3d 632, 635 (Fed. Cir. 2017) (quoting *Chuisano v. Sec'y of Health & Hum. Servs.*, 116 Fed. Cl. 276, 289 (2014)). "[T]he 'good faith' requirement . . . focuses upon whether petitioner honestly believed he had a legitimate claim for compensation." *Turner v. Sec'y of Health & Hum. Servs.*, No. 99-0544V, 2007 WL 4410030, at *5 (Fed. Cl. Spec. Mstr. Nov. 30, 2007). But good faith is not disputed herein, and I do not ascertain evidence in the record calling it into question.

Furthermore, the issue of reasonable basis is not a static inquiry. Reasonable basis for a claim at the time of filing may cease to exist as further evidence is presented. *Perreira*, 33 F.3d at 1377. In *Perreira,* the Federal Circuit affirmed a special master's determination that reasonable basis was lost after Petitioner's "expert opinion, which formed the basis of the claim, was found to be unsupported by either medical literature or studies." *Id.* at 1376.

At issue here, Vaccine Act Section 11(c)(1)(D)(i) requires the establishment of an injury and residual effects lasting for over six months after the date of vaccination. This is a threshold requirement for entitlement. *Black v. Sec'y of Health & Hum. Servs.*, 33 Fed. Cl. 546, 550 (1995) (reasoning that the "potential petitioner" must not only make a *prima facie* case, but clear a jurisdictional threshold, by "submitting supporting documentation which reasonably demonstrates that a special master has jurisdiction to hear the merits of the case"), *aff'd*, 93 F.3d 781 (Fed. Cir. 1996) (internal citations omitted).

### III.  Analysis

As previously explained in my Dismissal Decision, this Petition was filed at a time when it appeared possible that SIRVA was to be removed from the Program as a Table claim. *Moon*, 2024 WL 981367, at *1 and n. 3. Thus, this matter (like many others) was filed in an effort to "beat the clock," and with an awareness that the matter had not been fully vetted. But the most relevant medical records – most of which existed as of the petition's filing – show that the claim had substantial evidentiary deficiencies:

> Petitioner was discharged from PT having met all of her goals [for her shoulder injury] just *three* months post-vaccination, in mid-January 2020. One subsequent chiropractic records reflects right shoulder and neck pain, but it includes a higher pain rating for the latter (which would not be properly deemed SIRVA-related) and has no express connection to the vaccine injury. Even if that record is interpreted in Petitioner's favor, it is from just *four* months post-vaccination. And the records of at least 18 other medical encounters dating over the next 16 months (mid-January 2020 – late May 2021) are silent regarding the existence of an ongoing right shoulder injury, and they reflect Petitioner's ability to seek medical care for various other concerns, notwithstanding her assertions that medical care was costly and required her to take time off from work… Overall, the existing evidence suggests that the right shoulder injury was *at best* a lesser concern for which Petitioner deferred any formal treatment for over a year, despite ample opportunity.

*Moon*, 2024 WL 981367 at *5 – 6. This severity issue was not cured by unnotarized, unsworn statements from Petitioner and her former husband (who separated sometime during the treatment gap), and by a new PCP's documentation of right-sided pain, *numbness, and tingling. Id.* at *6 – 7. Petitioner did not avail herself of a final opportunity to submit further evidence, and I ultimately could not conclude that her alleged injury persisted for at least six months post-vaccination.

Neither can I find a reasonable basis for the claim. The objective medical record evidence reflects a relatively mild shoulder injury which was managed conservatively with some prescription pain medications. There were no steroid injections, imaging, or surgical intervention. After eight formal PT sessions (in a one-month timespan), the shoulder injury was assessed to be resolved, and Petitioner was discharged – just *three months* post-vaccination. It is simply not credible that she continued to suffer from a shoulder injury that was not documented over the next 16 months, with 18 medical encounters for other concerns. Petitioner's former husband and new PCP did not demonstrate persuasive firsthand recollections of the key facts. That leaves Petitioner's own (after-the-fact, unsworn) allegation – which is insufficient to outweigh the more objective and contemporaneous medical records – which, again, existed at the time the petition was filed. In such circumstances, the Act places the risk of filing the claim on counsel, and does not allow an award of fees.

## Conclusion

The Vaccine Act permits an award of reasonable attorneys' fees and costs to an unsuccessful litigant who manages to establish good faith and a reasonable basis for the Petition. Section 15(e)(1). But reasonable basis has not been established here. Therefore, **Petitioner's motion for attorney's fees and costs is DENIED.**

The Clerk of the Court is directed to enter judgment in accordance with this Decision.[4]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.